# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  20-424 |
| CHRISTIAN S. DUNBAR | : | |

**ORDER**

AND NOW, this            day of May, 2021, upon consideration of the government's unopposed Motion for Continuance and to Exclude Time Under the Speedy Trial Act, the Court determines as follows.

On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued

an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court. On November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

The Chief Judge subsequently issued additional Standing Orders extending the continuance of all criminal jury trials due to conditions related to the pandemic. Most recently, on March 30, 2021, the Chief Judge issued a Standing Order continuing all criminal jury selections and jury trials scheduled to begin on or before May 3, 2021. The Chief Judge stated that the test period for criminal jury trial will resume at that time. As outlined in an earlier Standing Order issued on March 18, 2021, that process will involve only one criminal jury trial at a time conducted in the Courthouse in order to protect the health and safety of participants. The Chief Judge directed that all cases in which a trial is

not designated to be held during the test period are continued through at least June 7, 2021.

In explaining his most recent Order, the Chief Judge stated:

> After weeks of declining numbers, COVID-19 cases in the Commonwealth of Pennsylvania and in this district are again increasing. Since the March 18, 2021, Standing Order was issued, the total number of COVID-19 cases in Pennsylvania has increased to more than 1,020,000, and the total number of cases in this district has increased to more than 470,000. District wide, the 14- and 7-day averages of new case counts have increased significantly in the past two weeks and are now at levels last seen in mid-February 2021. Daily new COVID-19 cases per 100,000 population have increased in eight of the nine counties in this district in recent weeks, in some instances by more than 50%. Positivity rates have also increased in eight of the nine counties in this district. Positivity rates are currently above 5% in all counties in this district and above 7% in five of those counties.
>
> These increases are occurring as new and more transmissible variants of the virus are circulating and as more cases of these variants are being detected in Pennsylvania. These increases are also occurring at time when a majority of the population in this district, including most case participants, has not yet been vaccinated. Although Pennsylvania and Philadelphia continue to make progress in vaccinating residents, most attorneys and Court staff are not yet eligible for the vaccine under the Pennsylvania and Philadelphia vaccination plans, and most inmates at the Federal Detention Center in Philadelphia have not yet had the opportunity to be vaccinated.
>
> While Pennsylvania plans to ease some of the restrictions currently in place in the Commonwealth, due to concern about the rise in the number of COVID-19 cases and hospitalizations in Philadelphia, the City will not adopt these relaxed restrictions at this time. The City has instead announced that, throughout the month of April, it will continue to review the local trends in cases, hospitalizations, and deaths to gauge when it is safe to further loosen restrictions.

The Chief Judge accordingly found his actions "necessary and appropriate . . . in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the March 30, 2021, order, the Court declared the period of time until May 3, 2021, will be excluded in the Speedy Trial Act calculation in each case, and further:

> For those criminal cases that cannot be tried during the initial test period consistent with the health and safety protocols and limitations necessary for the conduct of jury trials at this time, as described in prior Standing Orders and the Initial Guidelines for the Reinstitution of Jury Trials, the additional time period from May 3, 2021, through June 7, 2021, shall also be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the circumstances regarding the COVID-19 outbreak in this district, resumption of jury trials without these health and safety protocols and limitations prior to June 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial.

The undersigned fully agrees with and adopts these findings of the Chief Judge.

This Court further finds that, because of the restrictions on public movement and interactions at the present time identified by the Chief Judge, a continuance of the present trial date is required to allow adequate preparation by the parties for pretrial proceedings and for the trial.

For all of these reasons, the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial. This Court

accordingly ORDERS that the trial in this matter is continued to _____, 2021, and further ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay from the entry of this Order until the trial date set here shall be excluded under the Speedy Trial Act.

For these reasons, this Court ORDERS, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the period of delay between March 13, 2020, and June 7, 2021 (or any later date to which the period of continuance of trials in this district is extended by a further order of the Chief Judge as a result of the COVID-19 crisis) shall be excluded under the Speedy Trial Act.

**BY THE COURT:**

_____
**HONORABLE CYNTHIA M. RUFE**
**United States District Court Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-424 |
| CHRISTIAN S. DUNBAR | : | |

## GOVERNMENT'S UNOPPOSED MOTION FOR CONTINUANCE TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The government moves for a continuance of trial, and to exclude under the Speedy Trial Act of the period of delay during the time period that trials are continued in this district as a result of the coronavirus disease COVID-19. The government has consulted counsel for the defendant and the defense does not oppose this continuance request.

The trial in this matter is presently scheduled for May 24, 2021.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day "clock." § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded when the judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

§ 3161(h)(7)(A). The Court may consider in part whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." § 3161(h)(7)(B)(ii).

On March 13, 2020, the Chief Judge of this Court entered a Standing Order providing that, as a result of the emergency presented by the coronavirus disease COVID-19, all civil and criminal jury trials scheduled to begin between March 13, 2020, and April 13, 2020, before any district or magistrate judge in any courthouse in the Eastern District of Pennsylvania were continued pending further Court order. The Chief Judge described actions of public health authorities to limit the spread of the virus, and further described the impact of COVID-19 on the availability of jurors. On the basis of these findings, the Chief Judge explained in the Order that the suspension of trials is required "to protect public health, reduce the size of public gatherings, and reduce unnecessary travel within this district."

On April 10, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through May 31, 2020. On May 29, 2020, the Chief Judge issued an additional Standing Order extending the suspension of trials through August 31, 2020. On August 31, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not including the present matter) designated for trial in September or October on a test basis, all criminal jury selections and jury trials scheduled to begin before November 2, 2020, were continued pending further order of the Court. On October 30, 2020, the Chief Judge issued an additional Standing Order providing that, with the exception of a limited number of cases (not

including the present matter) designated for trial in November or December on a test basis, all criminal jury selections and jury trials scheduled to begin before December 31, 2020, were continued pending further order of the Court. On November 25, 2020, the Chief Judge issued a Standing Order stating that, because of worsening conditions related to the virus and actions taken by government officials to mitigate the spread of the disease, the Court continued all criminal jury selections and jury trials scheduled to begin on or before January 15, 2021, pending further Court order.

The Chief Judge subsequently issued additional Standing Orders extending the continuance of all criminal jury trials due to conditions related to the pandemic. Most recently, on March 30, 2021, the Chief Judge issued a Standing Order continuing all criminal jury selections and jury trials scheduled to begin on or before May 3, 2021. The Chief Judge stated that the test period for criminal jury trial will resume at that time. As outlined in an earlier Standing Order issued on March 18, 2021, that process will involve only one criminal jury trial at a time conducted in the Courthouse in order to protect the health and safety of participants. The Chief Judge directed that all cases in which a trial is not designated to be held during the test period are continued through at least June 7, 2021.

In explaining his most recent Order, the Chief Judge stated:

> After weeks of declining numbers, COVID-19 cases in the Commonwealth of Pennsylvania and in this district are again increasing. Since the March 18, 2021, Standing Order was issued, the total number of COVID-19 cases in Pennsylvania has increased to more than 1,020,000, and the total number of cases in this district has increased to more than 470,000. District wide, the 14- and 7-day averages of new case counts have increased significantly in the past two weeks and are now at levels last seen in mid-February 2021. Daily new COVID-19 cases per 100,000

population have increased in eight of the nine counties in this district in recent weeks, in some instances by more than 50%. Positivity rates have also increased in eight of the nine counties in this district. Positivity rates are currently above 5% in all counties in this district and above 7% in five of those counties.

These increases are occurring as new and more transmissible variants of the virus are circulating and as more cases of these variants are being detected in Pennsylvania. These increases are also occurring at time when a majority of the population in this district, including most case participants, has not yet been vaccinated. Although Pennsylvania and Philadelphia continue to make progress in vaccinating residents, most attorneys and Court staff are not yet eligible for the vaccine under the Pennsylvania and Philadelphia vaccination plans, and most inmates at the Federal Detention Center in Philadelphia have not yet had the opportunity to be vaccinated.

While Pennsylvania plans to ease some of the restrictions currently in place in the Commonwealth, due to concern about the rise in the number of COVID-19 cases and hospitalizations in Philadelphia, the City will not adopt these relaxed restrictions at this time. The City has instead announced that, throughout the month of April, it will continue to review the local trends in cases, hospitalizations, and deaths to gauge when it is safe to further loosen restrictions.

The Chief Judge accordingly found his actions "necessary and appropriate . . . in order to protect public health and safety, including the safety of Court personnel and all persons entering courthouses and Court locations in this district."

In each Standing Order dating back to March 13, 2020, the Chief Judge found that the period of delay in each continued case shall be excluded under the Speedy Trial Act, as the ends of justice served by granting a continuance outweigh the best interest of the public and each defendant in a speedy trial. In the March 30, 2021, order, the Court declared the period of time until May 3, 2021, will be excluded in the Speedy Trial Act calculation in each case, and further:

> For those criminal cases that cannot be tried during the initial test period consistent with the health and safety protocols and limitations necessary for the conduct of jury trials at this time, as described in prior Standing Orders and the

Initial Guidelines for the Reinstitution of Jury Trials, the additional time period from May 3, 2021, through June 7, 2021, shall also be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The Court finds the ends of justice served by continuances that will be necessary in those cases outweigh the best interest of the public and each defendant in a speedy trial because, given the circumstances regarding the COVID-19 outbreak in this district, resumption of jury trials without these health and safety protocols and limitations prior to June 7, 2021, would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice. The Court may extend the period of exclusion by further order as circumstances may warrant, and the presiding judge in any criminal case for which trial will be continued based on this Standing Order may make any additional findings and exclude additional time, as necessary and appropriate, regarding the scheduling of any new date for trial.

This determination is permitted by law. *See, e.g., Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (excluding time under the ends-of-justice exception based on disruption in the Eastern District of Washington caused by the Mount St. Helens volcanic explosion); *United States v. Correa*, 182 F. Supp. 2d 326 (S.D.N.Y. 2001) (same action in the Southern District of New York based on interruptions in court proceedings and public movement caused by the attack on the World Trade Center).

The present case was not designated by the Chief Judge as one of those few matters that was able to proceed under the test program in effect beginning in September 2020, and concluding on November 25, 2020, or during the test period between May 3, 2021, and June 7, 2021.

The government respectfully requests that the Court continue the trial of this matter until as soon as Covid 19 conditions permit and no later than August 1, 2021. That continuance is required not only because of the present suspension of trials in this district, but also because the restrictions on public movement and interactions at the present time

are limiting and will limit the ability of the parties to gather evidence, meet with witnesses, and otherwise prepare for trial.

The government also respectfully requests that this Court enter a specific order in this case excluding from the speedy trial calculation all delay caused by the suspension of trials in this district and the continuance requested here.

The pertinent statute provides that ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509.

Thus, the Third Circuit has declared that when entering a continuance order, the district court must either state "the factual basis for excluding time under the Act or us[e] language that invokes it." Otherwise, "the delay caused by the continuance is not

excluded and the court cannot exclude the time in hindsight." *United States v. Reese*, 917 F.3d 177, 182 (3d Cir. 2019).

Accordingly, the government respectfully requests that this Court enter a case-specific order finding excludable delay appropriate in this particular case under § 3161(h)(7)(A), based on the sound reasons set forth in the Chief Judge's Standing Orders and in this motion. A proposed Order for this purpose is attached.

> Respectfully yours,
>
> JENNIFER ARBITTIER WILLIAMS
> Acting United States Attorney
>
>
> */s Denise S. Wolf*
> DENISE S. WOLF
> JOSH A. DAVISON
> Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Brian McMonagle
>Counsel for Defendant

>*/s Denise S. Wolf*
>DENISE S. WOLF
>Assistant United States Attorney

Dated: May 7, 2021.