IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CRIMINAL ACTION NO. 20-424 |
| CHRISTIAN DUNBAR | |

MEMORANDUM OPINION

**Rufe, J.**                                                                                         **January 6, 2022**

Defendant Christian Dunbar has been indicted by a grand jury on 19 separate counts charging Dunbar with embezzlement, naturalization fraud, and tax fraud. Dunbar has filed a motion to sever these counts, seeking three separate trials on embezzlement, naturalization, and tax charges. The government argues that the Naturalization Counts should be tried together with the Embezzlement Counts, as concealment of the embezzlement is an element of three of the counts of naturalization fraud. For the following reasons, Dunbar's motion will be granted in part and denied in part. Dunbar will receive a bifurcated trial before the same jury on Counts 1–3 and Counts 4–14 of the Superseding Indictment and will be tried separately on Counts 15–19 of the Superseding Indictment.

**I.  BACKGROUND**

On November 24, 2020, a grand jury returned a 14-count indictment against Defendant Christian Dunbar related to alleged actions between July 15, 2015 and January 8, 2016 (the "Original Indictment").[1] Counts 1–3 of the Original Indictment charged that on three occasions between December 17, 2015 and January 7, 2016, Dunbar used his position as a banker for Wells Fargo to steal money from the accounts of his customers in violation of 18 U.S.C. § 656 (Counts

---

[1] Indictment [Doc. No. 11].

1–3, together, the "Embezzlement Counts").[2] Counts 4–14 of the Original Indictment charged Dunbar with submitting various false statements and falsified documentation between July 7, 2015 and January 8, 2016 in connection with his application for naturalization as a United States Citizen, in violation of 18 U.S.C. §§ 1425(a), 1425(b), 1426(b) and 1015(a) (Counts 4–14, together, the "Naturalization Counts").[3] Three of the Naturalization Counts, Counts 4, 5, and 14, each charged, in part, that Dunbar knowingly made false statements in sworn statements to immigration and naturalization officials and in a naturalization form submitted on or about January 8, 2016, which concealed his alleged embezzlement.[4]

On May 25, 2021, a grand jury returned a superseding indictment, adding five additional counts related to alleged irregularities with Dunbar's tax filings for tax years 2015–2019 (the "Superseding Indictment").[5] Counts 15–16 of the Superseding Indictment charge Dunbar with filing false income tax returns in 2017 and 2018 in violation of 26 U.S.C. § 7206(1).[6] Counts 17–19 of the Superseding Indictment charge Dunbar with failing to file income tax returns for the years 2015, 2016, and 2019, in violation of 26 U.S.C. § 7203 (Counts 15–19, together, the "Tax Counts").[7]

---

[2] *See* Indictment [Doc. No. 11] at 1–2. These charges are also listed as Counts 1–3 in the Superseding Indictment. *See* Superseding Indictment [Doc. No. 33] at 1–2.

[3] *See* Indictment [Doc. No. 11] at 3–13. These charges are also listed as Counts 4–14 in the Superseding Indictment. *See* Superseding Indictment [Doc. No. 33] at 3–13.

[4] *See* Indictment [Doc. No. 11] at 3, 4, 13; *see also* Superseding Indictment [Doc. No. 33] at 3, 4, 13.

[5] Superseding Indictment [Doc. No. 33].

[6] Superseding Indictment [Doc. No. 33] at 14–16.

[7] Superseding Indictment [Doc. No. 33] at 17–18.

The Court notes that the Tax Counts allege acts and omissions that purportedly occurred long after the acts and omissions charged in the Original Indictment. While Count 17 charges Dunbar with failing to file an income tax return in 2015, this return was not due until April 18, 2016, several months after the events underlying the

Dunbar filed a motion to sever the Embezzlement Counts from the Naturalization Counts for trial on the Original Indictment, which he supplemented after the Superseding Indictment was filed by arguing that the Embezzlement Counts, the Naturalization Counts, and the Tax Counts should all be severed.[8] Dunbar argues that severance is required under Federal Rule of Criminal Procedure 8(a), as "there is no substantive commonality" between the Embezzlement Counts and the Naturalization Counts, and that severance is separately required under Federal Rule of Criminal Procedure 14, as "[t]he danger of a jury hearing evidence of . . . unrelated crimes in the same trial" would be unduly prejudicial to Dunbar.[9]

The government opposes severance in part. The government concedes that the Tax Counts "should be addressed in a separate trial from Counts 1 through 14."[10] However, the government argues that Naturalization Counts 4, 5, and 14 are necessarily related to the Embezzlement Counts, and that the Embezzlement Counts and Naturalization Counts would require common witnesses and common proof.[11] The government further argues that any prejudice that might arise from the joint trial of the Embezzlement Counts and the Naturalization Counts could be effectively mitigated through appropriate jury instructions.[12]

At oral argument on Defendant's motion, the government proposed avoiding potential prejudice by staging a bifurcated trial on the non-Tax Counts, with the Embezzlement Counts

---

Embezzlement Counts and the Naturalization Counts allegedly occurred. Superseding Indictment [Doc. No. 33] at 17.

[8] Mot. Sever [Doc. No. 17]; Def.'s Suppl. Mem. [Doc. No. 44].

[9] Mot. Sever [Doc. No. 17] at ECF pages 5–8, 9–11.

[10] Govt's Suppl. Resp. [Doc. No. 46] at 1.

[11] Resp. [Doc. No. 24] at 7–9.

[12] Resp. [Doc. No. 24] at 11.

tried first and the Naturalization Counts tried before the same jury after the verdict on the Embezzlement Counts is reached.[13] Dunbar agreed that bifurcation might address some of the issues presented by joint trial of the Embezzlement Counts and the Naturalization Counts, but argued that introduction of the Embezzlement Counts could be prejudicial even in a bifurcated proceeding if Dunbar were to be acquitted on those counts.[14]

## II. DISCUSSION

As there is no dispute that the Tax Counts must be tried separately, the Court now must determine first, whether joinder of the Embezzlement Counts and the Naturalization Counts is permitted under Federal Rule of Criminal Procedure 8(a); second, whether joinder of the Embezzlement Counts and the Naturalization Counts appears to prejudice the parties in such a way that requires severance under Federal Rule of Criminal Procedure 14; and third, if joinder is proper under Rule 8(a), whether implementation of a bifurcated trial procedure can adequately mitigate any potential prejudice arising from the joinder of the Embezzlement Counts and the Naturalization Counts.

### A. Rule 8(a) does not prohibit joinder of the Embezzlement Counts and the Naturalization Counts

Dunbar first argues that joinder of the Embezzlement Counts and the Naturalization Counts is improper under Federal Rule of Criminal Procedure 8(a).[15] Rule 8(a) allows joinder of

---

[13] Hr'g Tr. [Doc. No. 48] at 11–12.

[14] Hr'g Tr. [Doc. No. 48] at 13–14.

[15] Mot. Sever [Doc. No. 17] at 5–8. No party disputes that Counts 4–14, the Naturalization Counts, are properly joined with each other. Each count alleges deception in the process of securing Dunbar's naturalization, and so together the Naturalization Counts allege a common scheme. *See generally* Superseding Indictment [Doc. No. 33] at 3–13.

4

charges against a single defendant when there is a "transactional nexus" or where the alleged "offenses 'are of the same or similar character.'"[16] "[C]ounts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence."[17] Offenses can also "be joined if they occurred within a relatively short period of time of each other and the evidence of each overlaps."[18] "[O]ffenses need not be identical to be joined; it is sufficient if 'each was committed in pursuit of the common scheme charged.'"[19] A "transactional nexus can be based on a physical, temporal, or logical connection between offenses, such as an interrelation of facts or evidence."[20] If counts do not meet the Rule 8 joinder requirements, however, they must be severed "even in the absence of prejudice."[21]

Dunbar argues that the Embezzlement Counts and the Naturalization Counts are not of the same or similar character and do not involve a "common scheme or plan," rendering joinder improper under Rule 8(a).[22] The government argues that these counts are connected because

---

Similarly, no party disputes that Counts 1–3, the Embezzlement Counts, are properly joined with each other. The Embezzlement Counts charge Dunbar with using his role as a Private Banker at Wells Fargo Bank to make three unauthorized withdrawals from client accounts within the span of three weeks. These counts are of the same character, allegedly occurred between December 17, 2015 and January 7, 2016, and have a logical connection through Dunbar's employment. *See* Superseding Indictment [Doc. No. 33] at 1–2.

[16] *United States v. Irizarry*, 341 F.3d 273, 287 n.4 (3d Cir. 2003) (quoting *United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991)).

[17] *United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (citations omitted).

[18] *Id.* (citation omitted).

[19] *United States v. Hudgins*, 338 F. App'x 150, 152 (3d Cir. 2009) (quoting *United States v. Scott*, 326 F. Supp. 272, 276 (W.D. Pa. 1971)).

[20] *United States v. Hill*, No. 17-276, 2019 WL 2110573, at *2 (M.D. Pa. May 14, 2019) (citing *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987)).

[21] *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986).

[22] *See* Mot. Sever [Doc. No. 17] at 5–8.

Dunbar "embezzled funds from the bank where he was employed and failed to disclose his actions on his naturalization application."[23]

While the Embezzlement Counts and the Naturalization Counts allege separate schemes and are of a fundamentally different nature, there is a logical connection between them. Three of the Naturalization Counts, Counts 4, 5, and 14, charge that Dunbar made statements and representations during his naturalization process that would be false if Dunbar committed the conduct alleged in the Embezzlement Counts.[24] Although Dunbar argues that the Embezzlement Counts and the Naturalization Counts "have no connection whatsoever,"[25] the government correctly notes that "Counts 4 and 5 . . . specifically reference and rely on the embezzlement allegations in Counts 1 through 3."[26] The Third Circuit has held that where a defendant is charged with both underlying criminal activity and making false certifications that conceal that activity, joinder is proper under Rule 8.[27] As the Naturalization Counts are properly joined with each other, and three of the Naturalization Counts charge Dunbar with fraudulently concealing the activities alleged in the Embezzlement Counts, Rule 8(a) does not bar the joinder of the Embezzlement Counts and the Naturalization Counts.

---

[23] Govt's Suppl. Resp. [Doc. No. 46] at 4.

[24] *See* Superseding Indictment [Doc. No. 33] at 3, 4 13.

[25] Def.'s Suppl. Mem. [Doc. No. 44] at 5.

[26] Govt's Suppl. Resp. [Doc. No. 46] at 10.

[27] *Compare United States v. Riley*, 621 F.3d 312, 334 (3d Cir. 2010), *as amended* (Oct. 21, 2010) (holding that where a defendant is charged with tax fraud stemming from her failure to report the proceeds of a fraudulent scheme, Rule 8 permits joinder of the tax fraud charges with the charges stemming from the underlying scheme) *with United States v. Halper*, 590 F.2d 422, 429–31 (2d Cir. 1978) (holding that Rule 8 does not permit the joinder of tax fraud charges and unrelated fraud charges where the government does not allege a clear connection between the misreported income and the proceeds of the unrelated fraud).

**B. Joinder of the Embezzlement Counts and the Naturalization Counts prejudices Dunbar's right to a fair trial on the Embezzlement Counts.**

Dunbar also argues that the Embezzlement Counts and the Naturalization Counts should be severed under Federal Rule of Criminal Procedure 14(a), as the joinder of these counts will make it "incredibly difficult for the jury to compartmentalize the evidence as to each Count, preventing it from making a reliable determination about Mr. Dunbar's guilt or innocence."[28] Rule 14(a) provides, in relevant part, that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires."[29] The decision to sever under Rule 14 is a "matter peculiarly within a trial court's discretion."[30] To prevail on a motion to sever under Rule 14, Dunbar must "pinpoint clear and substantial prejudice resulting in an unfair trial."[31]

Here, "the question of prejudice hinges upon whether the jury will be able to compartmentalize the evidence in view of its volume and limited admissibility."[32] Dunbar argues that if evidence of the Embezzlement Counts and the Naturalization Counts is presented together, there is a high risk that "the jury will improperly convict [Dunbar], based not on the quality of that evidence, but on the ground of criminal propensity."[33]

---

[28] Def.'s Suppl. Mem. [Doc. No. 44] at 8.

[29] Fed. R. Crim. P. 14(a).

[30] *United States v. Saferstein*, 2009, No. 07-557, 2009 WL 1046128, at *4 (E.D. Pa., Apr. 17, 2009) (quoting *United States v. Rickey*, 457 F.2d 1027, 1030 (3d Cir. 1972)).

[31] *United States v. Green*, 563 F. App'x 913, 917 (3d Cir. 2014) (quotations omitted).

[32] *Green*, 563 F. App'x at 917 (quoting *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005)).

[33] Def.'s Suppl. Mem. [Doc. No. 44] at 8.

7

As a general matter, joinder of indicted charges is presumed not to be prejudicial where "[e]vidence of both offenses would have been admissible at separate trials."[34] As three of the Naturalization Counts relate to the Embezzlement Counts, evidence of the Embezzlement Counts may be admissible to prove the Naturalization Counts. Here, the government argues that it "is hard pressed to conceive of any scenario where . . . a jury could hear evidence relating to the naturalization fraud counts without hearing any evidence relating to the embezzlement counts."[35] However, evidence of the Naturalization Counts may prejudice Dunbar with respect to the Embezzlement Counts. While evidence of Dunbar's alleged embezzlement may be admissible in relation to some of the Naturalization Counts, Dunbar's alleged deception during his naturalization proceedings is wholly irrelevant to the Embezzlement Counts.

The government further argues that any prejudice from a joint trial may be ameliorated, as "the charges and evidence are uncomplicated, and thus a jury will easily be able to compartmentalize the evidence and the offenses, as they will be instructed to do."[36] However, while "juries are presumed to follow their instructions," courts cannot treat jury instructions as a panacea for unduly prejudicial joinder.[37]

While the charges in this case are not particularly complex, joining the three Embezzlement Counts together with 11 other counts alleging fraud or deception raises a significant risk that the jury would not be able to effectively compartmentalize these similar, yet

---

[34] *United States v. Williams*, 504 F. App'x 207, 213 (3d Cir. 2012); *see also United States v. Erickson*, 610 F.3d 1049, 1055 (8th Cir. 2010) ("[A] defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime.").

[35] Govt's Suppl. Resp. [Doc. No. 46] at 16–17.

[36] Govt's Suppl. Resp. [Doc. No. 46] at 15.

[37] *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

independent, charges. Three of the Naturalization Counts (Counts 4, 5, and 14) are connected to the Embezzlement Counts, but none of these counts relies solely on Dunbar's alleged concealment of the actions charged in the Embezzlement Counts. Although this link is sufficient for joinder under Rule 8(a), the thin connection between the charges substantially increases the risk that "prejudicial evidence [c]ould 'unfairly spill over into the Government's case.'"[38] The Court therefore must determine whether bifurcation will protect Dunbar's right to a fair trial.

### C. Prejudice can be effectively mitigated by a bifurcated trial before the same jury.

At oral argument, the government proposed that, "[i]n the interest of judicial efficiency," prejudice could be mitigated by a bifurcated trial in which the jury returns a verdict on the Embezzlement Counts before hearing evidence on the Naturalization Counts.[39] Where joinder of offenses appears to prejudice a defendant, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."[40] The Third Circuit has endorsed bifurcated trials where certain counts, such as felon-in-possession charges under 28 U.S.C. § 922(g)(1), rely on the introduction of evidence that could be prejudicial to a defendant's trial on other charges.[41] Here, the jury will first hear the evidence related to the

---

[38] *United States v. Dougherty*, No. CR 19-64, 2020 WL 6395464, at *4 (E.D. Pa. Nov. 2, 2020) (quoting *United States v. Bryant*, 556 F. Supp. 2d 378, 465 (D.N.J. 2008)); *see also Bryant*, 556 F. Supp. 2d at 465 (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("The absence of any overlapping proofs between [different counts] creates a 'serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence.'" (alteration in original)).

[39] Hr'g Tr. [Doc. No. 48] at 11.

[40] *Zafiro*, 506 U.S. at 539.

[41] *See, e.g.*, *United States v. McCode*, 317 F. App'x 207, 210 (3d Cir. 2009) (noting that bifurcation of felon-in-possession charges from other charges related to an armed robbery would have effectively mitigated prejudice if defendant had not independently introduced evidence of his prior convictions to the jury).

Embezzlement Counts, and therefore will not be prejudiced by evidence relating solely to the Naturalization Counts.

In response to the government's proposal, Dunbar noted that if he were acquitted on the Embezzlement Counts in a bifurcated trial, the jury would then be influenced by evidence relating to those counts that would not necessarily be admissible in a subsequent trial on the Naturalization Counts.[42] However, Dunbar has not demonstrated that the risk of prejudicial spillover from the Embezzlement Counts to the Naturalization Counts is either clear or substantial.[43] If Dunbar is convicted on the Embezzlement Counts, either the evidence underlying that conviction or the conviction itself would be admissible at trial on the Naturalization Counts. Dunbar has not shown how he would be prejudiced during the second phase of the trial on the Naturalization Counts if the jury acquits him on the Embezzlement Counts. In either event, any prejudice to Dunbar on the Naturalization Counts in a bifurcated trial would be no more than "the same potential for prejudice that every criminal defendant faces when multiple counts are tried together."[44]

The Court notes that a bifurcated proceeding will require care during jury selection to empanel an impartial jury to decide both the Embezzlement Counts and the Naturalization

---

[42] Hr'g Tr. [Doc. No. 48] at 13.

[43] In contrast, one of the Naturalization Counts, Count 5, charges in part that Dunbar "could not satisfy the requirements for naturalization . . . in that he was not a person of 'good moral character,' given that he provided false statements and representations[.]" Superseding Indictment [Doc. No. 33] at 4.

[44] *United States v. Joshua*, 976 F.2d 844, 848 (3d Cir. 1992), *abrogated on other grounds by Stinson v. United States*, 508 U.S. 36, 36 (1993).

Counts.[45] The Court will work closely with the parties to craft effective *voir dire* questions and jury instructions to avoid any potential prejudice.

### III.  CONCLUSION

Joinder of the Embezzlement Counts and the Naturalization Counts is permissible under Rule 8(a) but creates a substantial risk of prejudice. However, severance of these counts is not required, as a bifurcated proceeding will effectively mitigate this potential prejudice. Therefore, Dunbar will receive a bifurcated trial before the same jury on Counts 1–3 and Counts 4–14 of the Superseding Indictment and will be tried separately on Counts 15–19 of the Superseding Indictment. An order will be entered.

---

[45] In this case, where Dunbar is being prosecuted based in part on allegedly false certifications made in naturalization proceedings, empaneling an impartial jury could require *voir dire* questioning designed to detect prejudice against immigrants. *See Pena-Rodriguez v. Colorado*, 137 S. Ct. 855, 868 (2017) ("In an effort to ensure that individuals who sit on juries are free of racial bias, the Court has held that the Constitution at times demands that defendants be permitted to ask questions about racial bias during *voir dire*."); *United States v. Saeku*, 436 F. App'x 154, 164 (4th Cir. 2011) ("[A]ny discussion of a defendant's race or immigration status before a criminal jury is a sensitive issue.").